**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kevin Pomaville,⟩

        Plaintiff,⟩    No. CV-15-08221-PCT-PGR

  vs.⟩

Finney Flats, LLC, et al.,⟩    <u>ORDER</u>

        Defendants.⟩

        Pending before the Court is defendant NTH Property Management, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 16), filed pursuant to Fed.R.Civ.P. 12(b)(6), wherein it seeks the dismissal of four of the five claims against it.  Having considered the parties' memoranda in light of the factual allegations of the complaint, the Court finds that the motion to dismiss should be denied.

<u>Background</u>

        According to his complaint and the exhibits attached to the complaint, the plaintiff suffers from disabilities which, in part, substantially interfere with his daily ability to ambulate.  His disabilities include PTSD, peripheral neuropathy, and osteoarthritis in both knees. He has a spinal neurostimulator implant, severe leg and

foot nerve pain and permanent ambulatory damage, a left foot that is largely dysfunctional, and an inability to balance while walking and navigating uneven terrain

including climbing and descending staircases. The plaintiff has had an Arizona DMV-issued disability license plate on his car for years.

The plaintiff has owned a 45-pound Boxer for three years that he has individually trained to be a service dog to assist him with his disabilities, which includes providing the plaintiff with physical support to help him walk by being "ballast" for the plaintiff and serving as his second leg.  Without the dog's help, the plaintiff has severe difficulty remaining balanced and upright to generate a center of gravity to walk and to ascend and descend stairways.  The plaintiff, who lives in a mobile home, would suffer severe difficulty entering and exiting his mobile home without his dog since his mobile home is situated on a raised platform which requires that he enter and exit it through stairs.

The plaintiff rents a mobile home lot in The Village at Camp Verde Mobile Home Park ("Village") owned by defendant Finney Flats, LLC and managed by defendant NTH Property Management, LLC.  The plaintiff signed a contract with the Village in March 2015.  Prior to moving into the Village in July 2015, the plaintiff informed its manager about his disabilities and the need for his service dog and requested permission to move his dog into his residence.   He requested an accommodation for his dog because the Village's manager informed him that he would be unable to have his dog reside with him inasmuch as it was, in the manager's opinion, a pet and not a service animal, and it was over the thirty-pound weight limit for a pet dog set by Village's rules and regulations.  The plaintiff was informed by the manager that his accommodation request would be passed on to the

defendants' representatives.

The Village's office has only a single paved parking space that is routinely occupied by Village employees' cars which forces the plaintiff to park in a gravel lot when he visits the office that is very difficult for him to navigate with his service animal.

The plaintiff filed a civil rights complaint with the Arizona Attorney General's office in May 2015 based on his failure to receive an accommodation for his dog. In late September 2015, the plaintiff received a letter from Mr. Haney, the designated broker for NTH Property Management, that informed him that an eviction proceeding would be immediately commenced against him unless he removed his dog from his mobile home residence within fourteen days. In response, the plaintiff sent a letter informing Mr. Haney that, as he had advised the Village's agents on multiple occasions, he was disabled, that he had a handicap license plate, and that his dog was a service animal that assisted him with his disabilities and his day-to-day living and personal needs. Notwithstanding that the defendants had accepted the plaintiff's rent checks for the mobile home lot for five months, Mr. Haney, in early October 2015, returned to the plaintiff his check for the October 2015 rent based on the September 2015 eviction-related letter, and told him that if he had any questions to contact NTH Property Management.

The plaintiff commenced this action on October 15, 2015. His complaint raises five claims for relief against both defendants: a violation of the federal Fair Housing Act of 1988, 42 U.S.C. § 3601, *et seq.* (First Cause of Action); a violation of the Arizona Service Animal Act, A.R.S. § 11-1024, *et seq.* (Second Cause of Action); unlawful landlord retaliation under the Arizona Landlord Tenant Act [sic], A.R.S. § 13-1381(A)(1) (Third Cause of Action); a violation of the Arizonans With

1   Disabilities Act, A.R.S. § 41-1492 (Fourth Cause of Action); and a violation of the

2   federal Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (Fifth

3   Cause of Action).  Defendant NTH Property Management has moved to dismiss all

4   of the claims against it, with the exception of the federal Fair Housing Act claim, for

5   failure to state a claim pursuant to Rule 12(b)(6).  Co-defendant Finney Flats filed

6   its answer rather than joining in the motion to dismiss, notwithstanding that both

7   defendants are represented by the same law firm.

8   Discussion

9   A dismissal for failure to state a claim is permissible "only where there is no

10  cognizable legal theory or an absence of sufficient facts alleged to support a

11  cognizable legal theory." Shroyer v. New Cingular Wireless Services, Inc., 622 F.3d

12  1035, 1041 (9th Cir.2010).  In addition, a complaint must contain sufficient factual

13  matter to state a facially plausible claim to relief under the Twombly/Iqbal standard

14  in order to survive a motion to dismiss. *Id.*

15  NTH Property Management cursorily argues in part that the complaint is

16  inadequate because it is impossible for it to understand the factual basis for the

17  plaintiff's specific claims against it as opposed to the claims against co-defendant

18  Finnie Flats.  The Court rejects this argument because the complaint makes clear

19  that all of the claims are against both defendants and it adequately alleges that NTH

20  Property Management is the property manager for the Village and that the

21  discriminatory conduct at issue arose from the manner in which the plaintiff was

22  treated by NTH Property Management's agents.

23  NTH Property Management further argues that the Second through Fifth

24  claims in the complaint must be dismissed because they suffer from various legal

25  defects.

26

- 4 -

A.  Second Claim

NTH Property Management makes a two-part argument as to why the plaintiff's Arizona Services Animal Act ("ASAA") claim fails as a matter of law even assuming the truth of the allegations in the complaint.  First, it argues that the plaintiff does not allege that his dog is properly licensed as a service animal pursuant to A.R.S. § 9-500.32 and § 11-1008 and that without such licensing the plaintiff is not provided with the protections of A.R.S. § 11-1024.

The Court rejects this licensing-based argument because the cited statutes do not support it and NTH Property Management has not otherwise made any cogent argument supporting it.   A.R.S. § 11-1024(A) provides in relevant part that "[a]ny person or entity that operates a public place shall not discriminate with individuals with disabilities who use service animals if the work or tasks performed by the service animal are directly related to the individual's disability."[1]  Both A.R.S. § 9-500.32(A), which applies to cities and towns, and A.R.S. § 11-1008, which applies to counties, merely provide that an "individual who has a disability and who uses a service animal as defined in § 11-1024" cannot be charged a fee for a dog

---

[1]

Section 11-1024(A) further provides that "[w]ork or tasks include ... providing physical support and assistance with balance and stability to individuals with mobility disabilities[.]"

Section 11-1024(J)(3) defines an "individual with a disability" as "an individual who has a physical or mental impairment that substantially limits one or more of the major life activities of the individual."

Section § 11-1024(J)(5) defines a "service animal" as "any dog ... that is individually trained to do work or perform tasks for the benefit of an individual with a disability[.]"

The factual allegations in the complaint are sufficient to meet of all these definitions.

1    license.  Both also provide that an applicant for a fee-free license for a service dog

2    "shall sign a written statement that the dog is a service animal as defined in § 11-

3    1024."   Nowhere do these statutes make having a "licensed" service animal an

4    element of a discrimination claim under the ASAA.[2]

5         Second, NTH Property Management also argues that the ASAA claim fails as

6    a matter of law because the statute only applies to places of public accommodation

7    and the Village is a private mobile home park rather than a place of public

8    accommodation.  The Court is not persuaded that this issue can be resolved through

9    a motion to dismiss. The ASAA refers to a person or entity operating a "public place,"

10   which is defined in the statute in relevant part as "any office or place of business or

11   recreation to which the general public is invited, whether operated by a public or

12   private entity[.]" A.R.S. § 11-1024(J)(2)(4).   While the factual allegations in the

13   complaint related to the public nature of the Village are sparse, the Court concludes

14   that they are minimally sufficient to make a violation of the ASAA plausible.  The

15   issue of whether the Village is a public place for ASAA purposes cannot be resolved

16   without a further development of the factual record.

17        B. Third Claim

18        NTH Property Management argues in part that the plaintiff's retaliation claim

19   pursuant to A.R.S. 13-1381(A)(1), which is part of the Arizona Residential Landlord

20   and Tenant Act, A.R.S. § 1301, *et seq.*, must be dismissed because that statute has

21   no application to this action inasmuch as mobile home parks are governed by a

22   different statute, the Arizona Mobile Home Parks Residential Landlord and Tenant

23   Act ("Act"), A.R.S. § 33-1401, *et seq.*  While the Court agrees that the plaintiff

24

         [2]

25        The Court notes that the ASAA specifies that one discriminatory action
26   is "[r]equiring provision of identification for the service animal." § 11-1024(J)(2)(e).

improperly cited to the wrong retaliation statute in his complaint, that is not in and of itself a ground for dismissal of the retaliation claim given that the correct retaliation statute, A.R.S. § 33-1491(A)(1), which is part of the Act, is identical to the statute cited in the complaint.  Because NTH Property Management was clearly not led astray by the plaintiff's failure to cite the correct retaliation statute, the Court concludes that exalting form over substance would serve no purpose here and construes the plaintiff's Third Claim as alleging a retaliation claim pursuant to § 33-1491.

In his retaliation claim, the plaintiff specifically cites to the statutory provision, which the Court deems to be § 33-1491(A)(1), which forbids bringing or threatening to bring an action for eviction if the "tenant has complained to a government agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety."[3]   The plaintiff alleges that the retaliation statute applies to him because he commenced "an administrative housing discrimination claim" with the Civil Rights Compliance Division of the Arizona Attorney General's office in May 2015 "regarding Defendants' failure to accommodate him to have his service animal reside with him at his mobile home."

Based on the plaintiff's reliance on the "health and safety" provision of § 33-1491(A)(1), NTH Property Management further argues that the retaliation claim must be dismissed because the plaintiff's eviction was not based on any health or safety violation by the plaintiff, but rather because he breached the rental agreement by

---

[3]      The Act defines "building and housing codes" to include "any law, ordinance or government regulation concerning fitness for habitation, or the construction, maintenance, operation, occupancy, use or appearance of any premises, dwelling unit or mobile home space."

having a dog that was over the weight limit.   While the Court agrees that the plaintiff's inclusion of this claim under § 33-1491(A)(1) may very well be a problematic stretch of the subsection's reach, the specific statutory subsection cited by the plaintiff is not controlling if the facts alleged support any valid theory of retaliation under the statute.   Because the plaintiff's administrative complaint is not part of the record and because § 33-1491(A) includes other prohibitory acts, such as eviction threats or proceedings after a tenant has complained to the landlord of a violation of the Act or has filed an action against the landlord with an appropriate hearing officer, the Court is reluctant, albeit marginally so, to conclude that the complaint cannot be read as stating a valid retaliation claim under § 33-1491(A).

C. Fourth and Fifth Claims

The plaintiff's Fourth Claim, which is brought pursuant to the Arizonans With Disabilities Act ("AzDA"), A.R.S. § 41-1492, *et seq.*, and his Fifth Claim, which is brought pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 1210, *et seq.*, both arise from an alleged lack of proper handicap parking outside of the Village's office.   Both statutes prohibit discrimination on the basis of disability by a person who owns or operates a "place of public accommodation."[4]   A.R.S. § 41-1492.02(A) and 42 U.S.C. § 12182(A).   NTH Property Management seeks the dismissal of both claims on the ground that the Village not subject to either the AzDA or the ADA because it is not a place of public accommodation; it conclusorily asserts

---

[4]

        For purposes of both statutes, a public accommodation is defined to include, generally stated, such places as lodging establishments, establishments serving food or drink, places of exhibition or entertainment, places of public gathering, retail and service establishments, social service center establishments, public transportation establishments, places of public display or collection, places of recreation, and places of education. A.R.S. § 41-1492(11) and 42 U.S.C. § 12181(7).

1    that the Village is instead a private residential community that is not open to the

2    general public.  Notwithstanding NTH Property Management's contention that the

3    Court can determine as a matter of law at this time that the Village is not a place of

4    public accommodation, the Court declines to do so.

5         While NTH Property Management may be correct that the plaintiff cannot

6    ultimately establish that the Village, or any part of it, is a place of public

7    accommodation for purposes of the AzDA or the ADA, the Court concludes that this

8    issue cannot be resolved on the current record through a motion to dismiss.  The

9    plaintiff alleges in his complaint that due to his mobility-related physical problems he

10   is unable to park his handicapped placarded vehicle at the Village's office due to the

11   unavailability of accessible or dedicated disabled parking spaces.  This is sufficient

12   for purposes of the motion to dismiss because "a rental office located within a private

13   residential complex is a place of public accommodation that is subject to the ADA.")

14   Kalani v. Castle Village LLC, 14 F.Supp.3d 1359, 1370 (E.D.Cal.2014) (quoting from

15   § III-1.2000 of the ADA Title III Technical Assistance Manual.)  The case primarily

16   relied on by the plaintiff, Nolan v. Starlight Pines Homeowners Ass'n, 167 P.3d 1277

17   (Ariz.App. 2007), is not dispositive of the "place of public accommodation" issue at

18   this stage of the proceedings.  While the court in Nolan concluded that the common

19   areas of a subdivision were not places of public accommodation for purposes of the

20   AzDA, notwithstanding the plaintiffs' contention that they were places of recreation

21   or of public gatherings in that, for example, the subdivision's club house was open

22   on various occasions to the public, the court did so on summary judgment because

23   the plaintiffs failed to establish that the common areas were in fact open

24   indiscriminately to the general public.  Based on the allegations of the complaint

25   taken as a whole, the Court believes the plaintiff should be given the opportunity to

26

further litigate whether any portion of the Village, such as its rental office or clubhouse, is sufficiently open to the public such that it could be considered to be a place of public accommodation.  As the Nolan court noted, "[f]ederal courts applying similar provisions of the Americans With Disabilities Act, for example 42 U.S.C. § 12181, have held that a public accommodation may exist within a facility that is not otherwise open to the public."  Id. at 1280 n.2.  An example of this is Kalani, where the court found on summary judgment that the plaintiff had established that the clubhouse, the rental and sales office, and adjoining parking lot within a mobile home park were places of public accommodation subject to Title III of the ADA. Therefore,

IT IS ORDERED that defendant NTH Property Management LLC's Motion to Dismiss for Failure to State a Claim (Doc. 16) is denied.

IT IS FURTHER ORDERED that the Scheduling Conference is reset for **Tuesday, June 28, 2016, at 11:15 a.m.** in Courtroom 601.

DATED this 2nd day of May, 2016.

Paul G. Rosenblatt
United States District Judge